## ERNST et al. v. RATHGEBER.

(Supreme Court, Appellate Term.　January 8, 1909.)

1. TRIAL (§ 168*)—TAKING CASE FROM JURY—DIRECTION OF VERDICT.

Where the evidence raised material questions of fact, it was error to direct a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 377; Dec. Dig. § 168.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 123*)—DECISIONS REVIEWABLE—MODE OF RENDITION—
FORMAL JUDGMENT—NECESSITY.
    No judgment having been entered on a ruling sustaining a demurrer to
defendant's counterclaim, the ruling cannot be reviewed.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 875; Dec.
Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Moritz L. Ernst and another, doing business as M. L. & C. Ernst, against Henry Rathgeber. From a judgment for plaintiffs, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Tierney & Conlon (Frank I. Tierney, of counsel), for appellant.

Ernst, Lowenstein & Cane (Bernard M. L. Ernst, of counsel), for respondents.

PER CURIAM. The defendant herein became a tenant of plaintiffs under a written lease, and entered into possession in February, 1908, for the purpose of conducting a restaurant business. The action is for rent for the month of May, 1908. The pleadings are in writing, and defendant alleges that plaintiffs were guilty of fraud in concealing from him the fact, known to them, that the condition of the flues of said premises were such that it was impossible to do the cooking necessary in the business, that the premises could not be used for the purposes for which they were rented, and that defendant abandoned and surrendered the same before May 1, 1908. The court directed a verdict for plaintiffs. Defendant appeals.

A large amount of testimony was introduced, and the untenantable condition of the premises, for the purpose of a restaurant, seems to be clearly established. From a reading of the evidence we are of the opinion that questions of fact were raised which should have been submitted to the jury, and that it was error to direct a verdict for plaintiffs. The appeal also undertakes to call up for review the sustaining of a demurrer to the counterclaim set up by defendant. No judgment ever having been entered on this demurrer, the decision of the lower court thereon cannot be the subject of review here.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.